UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS AGUIRRE,<br><br>    Plaintiff,<br><br>    v.<br><br>RESERVEBAR HOLDINGS CORP.,<br><br>    Defendant. | No. CV 25-6131-E<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE |

  On July 7, 2025, Plaintiff filed this action. On July 10, 2025, the action was assigned to the Magistrate Judge. Plaintiff failed to file a timely proof of service of the Summons and Complaint on Defendant.

  On November 5, 2025, the Magistrate Judge filed a Minute Order stating:

Within twenty-eight (28) days of the date of this Order, Plaintiff shall file a declaration attempting to show good cause, if there be any, why service of the Summons and Complaint has not been made upon Defendant(s) within 90 days after the filing of the Complaint. Failure to show good cause why timely service has not been made may result in the dismissal of this action without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff failed to respond to the Minute Order within the allotted time.

  Under Rule 4(m) of the Federal Rules of Civil Procedure, a court may dismiss an action without prejudice if the summons and complaint are not served on the defendant within 90 days after filing the complaint or such further time as ordered by the court. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) requires the Court to extend the time for service if a plaintiff shows good cause for the failure to serve. "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). A court has "broad discretion" to extend the time for service under Rule 4(m), even absent a showing of good cause. *See Efaw v. Williams, 473 F.3d at 1040-41; see also United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004) (Rule 4(m) gives courts "leeway to preserve meritorious lawsuits despite untimely service of process"). A court may consider various factors including prejudice to the defendant, actual notice, a possible limitations bar, and eventual service. *See Efaw v. Williams*, 473 F.3d at 1041. Any such dismissal should be without prejudice. *See United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d at 772.

  The Court dismisses the present action under Rule 4(m) and for failure to prosecute. Plaintiff has not demonstrated good cause for the failure to effect timely service, and no cause appears from the record. The Court will not exercise its "broad discretion" to extend the time for service. There is no evidence that Defendant has actual notice of this action. The possible prejudice to Defendant resulting from the delay is unknown, as is the impact of dismissal on a possible future limitations bar. There is no indication when, if ever, Plaintiff eventually would effect service.

  Additionally, the Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-62 (9th Cir.), cert. denied, 506 U.S. 915 (1992) ("*Ferdik*"). Plaintiff's failure to respond to the OSC constitutes a failure to prosecute. The Court has considered the factors recited in *Ferdik* and has concluded that dismissal without prejudice is appropriate. In particular, any less drastic alternative would not be effective under the circumstances of this case.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 14, 2026

                                                DOLLY M. GEE
                                 CHIEF UNITED STATES DISTRICT JUDGE

PRESENTED this 12th day

of January, 2026, by:

                 /S/
            CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.